```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

                                  )
UNITED STATES OF AMERICA          )
                                  )
     Plaintiff,                   )
                                  )
                                  )
         v.                       )     1:09cr159 (JCC)
                                  )
                                  )
CELINA LORD, et al.,              )
                                  )
     Defendants.                  )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on the motion to sever by defendant Celina Lord (Lord). For the following reasons, the Court will deny the motion.

### I.  Background

On March 26, 2009, a grand jury sitting in the Eastern District of Virginia returned a six-count indictment (Indictment) against Linda Smith (Smith) and Celina Lord. Each of the six counts charges both defendants with violations of 26 U.S.C. § 7202 based on the defendants' collective failure to collect, account for, and pay over taxes withheld from their employees' paychecks.

The allegations in the Indictment are as follows. Lord was the Chief Financial Officer (CFO) of ASSC, Inc. (ASSC) and, in that position, ran its day-to-day operations. She "directed

1

employees, approved all payments by the company, controlled its bank accounts and made financial decisions on behalf of the company." Lord's co-defendant, Smith, owed ASSC and served as its president. She exercised "ultimate and final decision-making authority regarding ASSC's business activities."

In these positions, Smith and Lord were responsible for collecting, accounting for and paying over to the IRS their employees' share of Federal Insurance Contribution Act (FICA) taxes and federal income taxes pursuant to the Internal Revenue Code. Beginning in the fourth quarter of 2001, however, they failed to do so. Beginning in the second quarter of 2002, Smith and Lord also failed to timely file ASSC's quarterly employment tax returns with the Internal Revenue Service.

Lord filed a motion to sever her case from that of Smith on April 16, 2009. The United States (Government) opposed her motion on June 12, 2009. This motion is currently before the Court.

## II. Analysis

Federal Rule of Criminal Procedure 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Once defendants are indicted together, there is a preference that they

be tried together.  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("there is a preference in the federal system for joint trial of defendants who are indicted together"); *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992) ("defendants indicted together should be tried together").  Joint trials of defendants charged with illegal activities arising out of the same events promote efficiency and judicial economy.  *Zafiro*, 506 U.S. at 537 (citation omitted).

A court may sever a joint trial, however, under Federal Rule of Criminal Procedure 14.  This rule provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials."  Fed. R. Crim. P. 14.  A court's discretion to sever should be exercised "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. 534, 539 (1993); *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002) (*quoting Zafiro*).

Defendant submits that her trial should be severed from Smith's based on both rationales.  First, she argues that a joint trial will deny Lord her right to cross-examine co-defendant Smith regarding Smith's incriminating statements against her and that it will also deny her access to Smith's testimony, which

3

could exculpate her.  Second, she asserts that "the jury may be likely to find [her] guilty by association with [Smith]."  Def.'s Mot. to Sever 2.  The Court finds that Lord's vague arguments about hypothetical problems that may arise during her trial do not provide it with a reason to sever the trials of Smith and Lord, who were charged with the same crimes, stemming from the same activity, in the same indictment.

>    A.   <u>Whether a Joint Trial Compromises Lord's Sixth Amendment Right to Confront Witnesses Against Her</u>

Defendant's first argument is that prior statements by Smith, which also implicate Lord, may be presented at trial.  In that event, unless Smith waives her Fifth Amendment right not to testify, Lord will not have the opportunity to cross-examine Smith about her pre-trial statements - a violation of the Confrontation Clause.  Def.'s Mot. to Sever 3 (*citing Bruton v. United States*, 381 U.S. 123 (1968)).  Defendant couches this problem in strictly hypothetical language:  "At *this stage* of the proceedings," she says, "it *appears* that *Bruton* problems *will likely* exist."  Def.'s Mot. to Sever 3 (emphases added).  This single assertion contains three qualifiers.  Lord also appears to base this argument solely on the Government's "summaries" of Smith's statements; she provides the Court with absolutely no details about these statements or how they implicate Lord.  Def.'s Mot. to Sever 3.

4

The Government responds by arguing that the strictly hypothetical problems that Lord presents are insufficient to show that prejudice will result from a joint trial.  It also argues that, if any of Smith's statements do implicate Lord, they "can be redacted and the Court can instruct the jury" regarding the proper use of such statements.  Govt.'s Resp. 4-5.

The admission at trial of a co-defendant's statements that implicate the defendant violate the defendant's right to cross-examine witnesses against him, a right secured by the Confrontation Clause of the Sixth Amendment.  *Bruton v. United States,* 391 U.S. 123, 126 (1968).  If statements by Smith, incriminating Lord, were offered at trial, Lord may be able to show prejudice because those statements could compromise Lord's "specific trial right," *Zafiro*, 506 U.S. at 539, to cross-examine her co-defendant about the statements, *Bruton,* 391 U.S. at 126.  If Lord made the required showing of prejudice, the Court would have to determine whether severance was the appropriate remedy.  *See United States v. Rivera*, 363 F. Supp. 2d 814, 821-22 (E.D. Va. 2005) (citations omitted).  At this time, however, the Court cannot find that prejudice exists and that severance should be granted based on Lord's strictly hypothetical arguments which fail both to "articulate any specific instances of prejudice," *Zafiro*, 506 U.S. at 539, and to give the Court sufficient

information to determine the appropriate remedy, *Rivera*, 363 F. Supp. 2d at 821-22 (citations omitted).

   B. <u>Whether a Joint Trial Denies Lord Access to Smith's Exculpatory Testimony</u>

  Defendant next argues that a joint trial could deny Lord access to Smith's exculpatory testimony about Lord's role in the alleged events. Here, Lord again styles her argument as a hypothetical: "[i]t is very *possible* that Ms. Smith *could* also potentially offer exculpatory testimony for Ms. Lord," but Smith "*will likely* assert the Fifth Amendment right to remain silent at a joint trial." Def.'s Mot. to Sever 5 (emphases added). Lord further submits that "*if* Ms. Smith *would not* voluntarily testify," Lord could call her as a witness and "*can potentially seek* to compel that testimony" through "an order" that "*may be* compelled by the Sixth Amending's guarantee of compulsory process and by the Fifth Amendment's due process." Def.'s Mot. to Sever 5 (emphases added).

  In the Fourth Circuit, when a motion for severance "is based on the asserted need for a codefendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony. *United States v. Paradi*, 703 F.2d 768, 779 (4th Cir.

6

1983). If the moving defendant meets this burden, the court should then "(1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the co-defendant's testimony could be impeached." *Id.*

The Government argues that Lord has not met her initial burden to show the need for Smith's testimony. Thus, it submits, the Court need not undertake the second inquiry. The Court agrees. Lord's argument, which is again merely a hypothetical one, fails to provide any specific information that would allow the Court to undertake a proper analysis of the necessity of Smith's testimony using the Fourth Circuit's four-factor test. The Court has no basis on which to find that Lord will be prejudiced by a joint trial based on the mere possibility that Lord may want Smith to testify on her behalf.

Further, an attempt to conduct an analysis based on the minimal information presented in Lord's pleadings results in the conclusion that Lord cannot show a need for Smith's testimony under the applicable test. Lord states no particular need for Smith's testimony and it appears that she cannot show any likelihood that Smith would testify on her behalf, as she

mentions the necessity of an order to compel Smith's testimony. She also completely fails to describe the substance of Smith's testimony and makes no representations regarding how that testimony would exculpate Lord. The Court finds that Defendant has not shown a need for Smith's testimony.

> C. Whether a Joint Trial Will Lead the Jury to Find Lord Guilty by Association with Smith

Lord's next argument is that a joint trial would make it more likely that a jury will convict Lord, based on the jury's inability to separate evidence relevant only to one defendant. Def.'s Mot. to Sever 4. She again couches her argument in hypothetical terms, submitting that "[t]here will likely be a significant amount of damaging evidence presented against Ms. Smith" that would be irrelevant to the Government's case against Lord. Def.'s Mot. to Sever 4. As examples, Defendant mentions certain persons and companies associated with Smith, but with which Lord had no affiliation. Def.'s Mot. to Sever 4.

First, severance is not usually justified "based on the mere disparity of the evidence adduced against individual defendants." *United States v. Allen*, 491 F.3d 178, 190 (4th Cir. 2007). "[It] is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal at separate trials." *Zafiro*, 506 U.S. at 540 (citations omitted). Further, the lack of specifics regarding

8

the hypothetical evidence that may cause a risk of prejudice to Lord makes it impossible for the Court to determine whether severance or some other, less-drastic, remedy is appropriate to cure any potential prejudice.  *Id.*

### III.  Conclusion

For these reasons, the Court will deny the motion to sever by defendant Celina Lord.

An appropriate Order will issue.

June 19, 2009  _____/s/_____
Alexandria, Virginia                James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE